# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:11CV0446 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | |
| EMPIRE IMAGING, P.C., d/b/a EMPIRE IMAGING, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| DEFENDANT. | ) ) | |

Before the Court is defendant's motion under Fed. R. Civ. P. 15(a)(2) to amend its answer and counterclaim (Doc. No. 41), plaintiff's opposition (Doc. No. 42) and defendant's reply (Doc. No. 43). For the reasons discussed briefly below, the motion is **DENIED**.

Also before the Court is defendant's motion to continue the trial. (Doc. No. 45.) That motion is also **DENIED**.

This action was filed on March 4, 2011 by Hitachi Medical Systems America, Inc. ("HMSA"). (Doc. No. 1.) On April 22, 2011, Empire Imaging, P.C. ("Empire") filed its answer and counterclaim. (Doc. No. 9.) On July 8, 2011, following the Case Management Conference, the Court issued the Case Management Plan and Trial Order (Doc. No. 20), setting case management deadlines, including July 29, 2011 as the deadline for amending pleadings. Although deadlines relating to both non-expert and expert discovery were subsequently extended

on motion,[1] the deadline for amending pleadings was never extended.

Empire now seeks to amend its counterclaim by adding claims against HMSA for fraudulent inducement and negligent misrepresentation based on a Letter Agreement entered into between these parties in November 2008.[2] Empire asserts that "[f]acts elicited during discovery . . . have shed light on additional damages sustained by Empire which cannot be redressed by Empire's original Counterclaim." (Memorandum in Support of Motion, at 1.) Empire further asserts that no party will be prejudiced by an amendment "due to the fact that the parties already have conducted much of the discovery necessary to Empire's Amended Counterclaim." (*Id.*)

In opposition, HMSA argues that Empire has known about these possible claims for a long time, in fact, since even before the filing of this lawsuit. HMSA points to a letter from Empire's representative, Dr. Payam Toobian, M.D., dated November 2, 2009, wherein Dr. Toobian asserts that HMSA is "in default of the contract signed between Empire Imaging and HMSA dated November 10, 2008." (Doc. No. 42-2.) The letter demands payment of $1,252,752.00 for losses suffered by Empire due to HMSA's failure to install certain "vascular coils." It also demands the "immediate installation of the vascular coils." Finally, the letter threatens that HMSA's failure to comply with Empire's demands "will result in legal action against HMSA." (*Id.*) HMSA argues that Empire's delay in seeking to amend its counterclaim is

---

[1] The original deadline for completion of all discovery (both non-expert and expert) was November 30, 2011, three months after the July 29, 2011 deadline for amending pleadings. The discovery deadline was first extended to January 13, 2012 (on the representation of counsel that no other deadlines would be affected) and was later extended further to April 12, 2012. Empire filed the instant motion on April 12, 2012.

[2] According to the proposed amended answer and counterclaim, under the Letter Agreement, HMSA agreed to provide Empire a PV Suite for its MRI machine which would allow Empire to perform vascular scans of its patients. (Doc. No. 41-2, ¶ 15.) Empire believed the PV Suite would include all software and hardware components necessary to perform high quality vascular scans. (*Id.* ¶ 16.) However, the PV Suite delivered by HMSA to Empire contained only software, but no hardware, and, in particular, the PV Suite contained no vascular coil. (*Id.* ¶ 17.) As a result, Empire has allegedly been unable to perform high quality vascular scans and has been forced to refer its patients to other medical imaging facilities for such scans, with consequent loss of income. (*Id.* ¶¶ 18-19.)

completely unjustified, not only because Empire has known of these possible claims since at least November 2009[3] (and perhaps even November 2008 after the PT Suite was installed and Empire was unable to perform vascular scans),[4] but also because Empire's counsel stated during a deposition on January 5, 2012 that he intended to seek leave to amend, yet waited another three months before doing so.

In its reply brief, Empire argues that the facts it learned for the first time during the deposition of HMSA's sales manager, Mike Germano, in January 2012 related to *HMSA's knowledge* "that Empire would not be receiving the equipment Empire expected." (Doc. No. 43, at 1.)[5]

In its motion to continue the trial date, Empire points to the pendency of its motion for leave to amend. It argues that HMSA has indicated that, should the motion to amend be granted, it will need additional discovery. It further argues that, even if the motion to amend is denied, a continuance is still justified due to HMSA's failure to produce documents that were requested by Empire on March 7, 2012, prior to the close of discovery, and that are essential to the ability of Empire's consulting expert to render an opinion on an issue central to the parties' claims against each other.

---

[3] Dr. Toobian even testified at his deposition that he knew of the possible claims in 2009, "but did not know how to prove [them]." (Toobian Dep. at 96:3-13.)

[4] Dr. Toobian's November 2009 letter states that installation of the vascular coils required to perform the scans "has been delayed for up to a year." (Doc. No. 42.2.) This suggests that he was aware of the problem since November 2008.

[5] Empire is essentially arguing that it *did not know* that HMSA *did know* it never intended to deliver the requisite vascular coils to Empire. This argument makes no sense. As soon as Empire discovered in or around November 2008 that it did not have the vascular coils, it surely must have known that *HMSA knew* it had not delivered them, unless Empire is trying to argue that the failure to deliver the coils had been somehow inadvertent. Even if that were the case, clearly Empire's letter to HMSA in November 2009 would have put HMSA on notice that it had failed to deliver the coils. Therefore, even under that factual scenario, Empire had knowledge of its potential claims as early as November 2009.

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's consent (which was not obtained here) or with the court's leave. "The court should freely give leave when justice so requires." The Supreme Court, however, has identified "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." as sufficient reason for a court to exercise its discretion to deny a motion for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court concludes that Empire has unduly delayed in seeking leave to amend by waiting until the very day that discovery closed,[6] after two extensions of the discovery deadline. Further, Empire has known of its potential claims since even before this lawsuit was filed by HMSA. In addition, permitting an amendment after the close of discovery, absent a delay in the trial and a reopening of discovery, would prejudice HMSA, which will be unable to elicit additional discovery relating to the basis, calculation and causation for Empire's new claims and tort damages.[7]

Empire might argue that, if this Court were simply to grant its motion to continue the trial, HMSA could then conduct its additional discovery to respond to an amended counterclaim, *and* Empire itself would be given the time to obtain from HMSA the discovery it claims is outstanding on its March 7, 2012 discovery request. However, this case is assigned to

---

[6] The Court typically sets the deadline for amending pleadings approximately three months before the close of discovery, as it did in this case, so that there will still be time to conduct discovery as to any new parties or claims after an amendment. In this case, on January 11, 2012, Empire moved for and received a second extension of the discovery deadline (from January 13, 2012 to April 12, 2012). Even if one were to accept Empire's argument that it first learned of the facts supporting its new claims on January 5, 2012, the pattern set by the original Case Management Plan and Trial Order would have suggested to Empire that its motion for leave to amend should have been filed immediately, i.e., three months before the new April 12, 2012 discovery deadline.

[7] The Final Pretrial Conference in this case is scheduled for May 15, 2012, and the trial is set on a standby basis for the two-week period beginning May 29, 2012. Clearly, the proximity of these dates would greatly prejudice HMSA if an amendment were permitted now.

the Standard Track and, under LR 16.2(a)(2)(B), must be completed no later than June 2012. Therefore, no further extensions should be granted to allow untimely counterclaims. In addition, Empire's argument that it is entitled to a continuance due to HMSA's failure to respond to discovery is also untimely. Any such discovery problem should have been raised to the Court by no later than April 30, 2012, ten days after the April 19, 2012 close of discovery. *See* LR 37.1(b) ("No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date."). That said, it was wrong of Hitachi not to produce copies of the additional requested discovery at least by the date of its April 16, 2012 letter indicating that requested responsive documents were available. Accordingly, Hitachi shall forthwith (and in any event, no later than May 14, 2012) produce such responsive documents or risk sanctions, up to and including dismissal of its claims. Because of Hitachi's delay in providing the documents, Empire may submit the documents to its handwriting expert for analysis and provide a final expert report on or before May 25, 2012.

For the reasons discussed, Doc. Nos. 41 and 45 are both **DENIED**, but Hitachi shall produce responsive discovery to Empire as set forth above.

**IT IS SO ORDERED**.

Dated: May 10, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**