UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:11CV0446 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| EMPIRE IMAGING, P.C., d/b/a EMPIRE IMAGING, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | ) ) ) | |

Before the Court is plaintiff's petition for attorneys' fees and costs. (Doc. No. 74.) Defendant has filed its opposition (Doc. No. 75) and plaintiff filed its reply (Doc. No. 76), along with a supplement containing the actual contract under which the fees and costs are sought (Doc. No. 82).[1] For the reasons set forth below, plaintiff's petition is denied without prejudice to resubmission in a modified form consistent with this opinion.

### I. BACKGROUND

On March 4, 2011, plaintiff Hitachi Medical Systems America, Inc. ("HMSA" or "plaintiff") filed a complaint against defendant Empire Imaging, P.C. ("Empire" or "defendant") sounding in breach of contract,[2] with jurisdiction based on diversity of citizenship. The contract

---

[1] The supplement was superfluous since the contract was already a part of this Court's record. (*See* Doc. No. 1-1.)

[2] Count One was for breach of contract, asserting that "[d]efendant has failed to pay as agreed in the SMA [2008 Service Maintenance Agreement]" (Doc. No. 1 ¶ 12), and Count Two was for unjust enrichment, asserting that defendant had retained a benefit provided by plaintff without paying for it (*Id*. ¶¶ 16,18). Count Three sought a declaratory judgment that "[d]efendant is liable to HMSA for payments required by the [2008 Service Maintenance Agreement] and/or services provided by HMSA pursuant to the SMA." (*Id*. ¶ 20.) HMSA sought recovery of $545,325, plus interest, costs, and attorney's fees, "pursuant to the terms of the SMA." (*Id*. ¶ 14.)

underlying the complaint was a February 2008 Service Maintenance Agreement (the "2008 SMA") for certain medical imaging equipment Empire had purchased from HMSA. HMSA alleged that Empire had breached the 2008 SMA by failing to make the necessary monthly payments. (Findings of Fact and Conclusions of Law [respectively, "FF" and "CL"], Doc. No. 69 ["FF/CL"] at 893.) As the case developed, it became clear that HMSA also believed it had the right under the 2008 SMA to "accelerate" the contract, requiring Empire to pay the entire remaining balance, from the time of Empire's first defaulted payment.

Complicating the case, Empire counterclaimed, asserting that, under the terms of the 2008 SMA *and* its related purchase agreement,[3] HMSA had failed to honor the full warranty period and had begun invoicing Empire 19 months too soon. Specifically, Empire alleged that HMSA had "refus[ed] to provide service and maintenance to the MRI through November 26, 2011 without additional payment." (Doc. No. 9, Counterclaim, ¶ 16.) Empire sought a declaration that it had "purchased the MRI and prepaid for service and maintenance of the MRI for nineteen (19) months, or through November 26, 2011." (*Id*. ¶ 22.)

On June 4 and 5, 2012, the Court conducted a bench trial, thereafter publishing the above-referenced findings of fact and conclusions of law. In summary, the Court determined:

(1) that Empire's view that it was entitled to an additional 19 months of warranty (or prepaid service) beyond the 18 months set forth in the purchase agreement was incorrect (FF ¶ 31; CL ¶ 24) and, therefore, Empire had committed a breach "by failing to timely pay an invoice," and HMSA had not committed a breach by placing Empire's imaging equipment on service hold (CL ¶¶ 27, 31);

---

[3] The related purchase agreement was not the subject of plaintiff's complaint, but defendant did countersue based on both agreements. (FF/CL at 894, n.2.) Therefore, a major part of the trial in this case was devoted to a determination of which purchase agreement was the actual agreement, with Empire's principal claiming that he had not signed or agreed to the contract that HMSA claimed was controlling. Whereas the complaint sought recovery under the 2008 SMA of an "overdue account[ ]" based on an alleged "acceleration" clause in the contract, the counterclaim significantly broadened the dispute by seeking a ruling that the 2008 SMA had to be interpreted in light of the purchase agreement, the authenticity of which was challenged by Empire.

(2)  that the 2008 SMA was a valid and binding contract, except that the clause relied upon by HMSA to argue that it was entitled to payment of the full balance on the 2008 SMA was either inapplicable (if construed as an acceleration clause) or void under Ohio law as an unenforceable penalty (if construed as a liquidated damages clause) (CL ¶¶ 5, 11, 23);

(3)  that, at the time the complaint was filed, under the terms of the 2008 SMA, there were only five past due invoices and, at the time of the trial, there was only one past due invoice (due seven (7) days before trial), for a total delinquent balance of $10,887.50 (FF ¶ 53; CL ¶ 29);

(4)  that ¶ 5 of the terms and conditions of the 2008 SMA provided that "charges are payable in advance upon receipt of invoice[,]" that invoices "not paid within ten (10) days of the invoice date will have a 1.5 percent per month interest charge," and that Empire "shall pay all costs involved in HMSA's collecting its overdue accounts . . . including reasonable attorney's fees[]" (FF ¶ 40, CL ¶ 28); and

(5)  that HMSA was entitled to recover the amount of the one unpaid invoice, with interest as due under the 2008 SMA, plus "reasonable attorney's fees related to this action which is brought to 'collect[] it overdue accounts from [Empire][]'" (CL ¶30).

(FF/CL, *passim*.)

## II. DISCUSSION

**A.  Applicable Law**

Ohio generally adheres to the "American rule" that the prevailing party may not recover attorney fees as part of the costs of litigation. *Wilborn v. Bank One Corp.*, 121 Ohio St. 3d 546, 548 (2009).[4] However, "[w]hen the right to recover attorney fees arises from a stipulation in a contract, the rationale permitting recovery is the 'fundamental right to contract freely with the expectation that the terms of the contract will be enforced.'" *Id*. (quoting *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 33 Ohio St. 3d 32, 36 (1987)). Such agreements

---

[4] The 2008 SMA is "governed by, and construed in accordance with, the laws of the State of Ohio." (Doc. No. 1-1 at 6, ¶ 10.)

are generally enforceable "'so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case.'" *Id*. (quoting *Nottingdale*, Syllabus).[5]

Contract provisions providing for payment of attorney fees, like all contracts of indemnity, "are to be strictly construed and '. . . certainly given no greater scope than the language of the agreement clearly and unequivocally expresses.'" *Continental Tire N.A. v. Titan Tire*, No. WM-09-010, 2010 WL 1223981, at *8 (Ohio Ct. App. Mar. 31, 2010) (quoting *Palmer v. Pheils & Assoc.*, No. WD-01-010, 2002 WL 1436030, at *5 (Ohio Ct. App. June 28, 2002)). Where, "the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St. 3d 143, 145 (1991).

**B.     Analysis**

In this case, the 2008 SMA does contain a provision permitting HMSA to recover attorney fees in a very particular circumstance. That provision states in full:

**5. Charges**

> Charges are payable in advance upon receipt of invoice. If Purchaser [Empire] requests unscheduled on call maintenance service other than during HMSA's normal working hours or the coverage selected on this Service Agreement, such service will be furnished at HMSA's hourly rates in effect at the time service is performed.

---

[5] *Nottingdale* was superseded by statute, as stated in *New Mkt. Acquisitions, Ltd. v. Powerhouse Gym*, 154 F. Supp. 2d 1213 (S.D. Ohio 2001). In May 2000, the Ohio legislature enacted Ohio Rev. Code § 1301.21 (recodified in 2011 as § 1319.02) to enforce commitments in contracts to pay attorney's fees, provided the total amount owed on the contract at the time it was entered into exceeded $100,000. Ohio Rev. Code § 1319.02(C). That would apply here. The statute, like the case law, permits enforcement of the provision, however, "only to the extent that it obligates payment of a reasonable amount." Ohio Rev. Code § 1319.02(D).

>    Purchaser shall pay HMSA, upon receipt of invoice, all travel and other expenses incurred by HMSA for service performed at Purchaser's request outside of the coverage selected in this Agreement.
>
>    Invoices not paid within ten (10) days of the invoice date will have a 1.5 percent per month interest charge, or the highest lawful rate, whichever is less, assessed against the unpaid balance from the date of the invoice until the date of payment. *Purchaser shall pay all costs involved in HMSA's collecting its overdue accounts from Purchaser including reasonable attorney's fees.*

(Doc. No. 1-1 at 6, italics added.)

Applying the strict construction required by Ohio law for contract provisions relating to attorney fees, the Court concludes that HMSA's request for attorney's fees and costs to cover the *full* amount of its litigation expenses is unreasonable. HMSA is entitled to recover only those costs, including attorney's fees, involved in "collecting its overdue accounts" from Empire.

The only "account" that was overdue at the time of the commencement of this action related to five past due invoices; by the time of trial, there was only one past due invoice.[6] However, HMSA chose to pursue an overall theory that, under the terms of the 2008 SMA, once Empire had defaulted on a payment, HMSA was permitted to "accelerate" the contract (or "liquidate" it), requiring Empire to pay the entire amount then remaining on the five-year contract. (*See* Tr. Vol. II, Doc. No. 65 at 842.) Under that theory, at the time of trial, Empire would have owed HMSA for 34 months of service, or $370,000. (Doc. No. 65 at 798, 845.)

The Court concludes that, had HMSA pursued a simple action on account to recover the amount of the outstanding invoices, then, under the strict application of Ohio contract law, it could fairly expect to recover its full attorney's fees and costs under the contract provision

---

[6] Despite the parties' continuing dispute over the two contracts at issue here, Empire eventually resumed payment of invoices because that was the only circumstance under which HMSA would release the hold on service for Empire's MRI machine.

quoted above. However, the 2008 SMA does not contemplate payment of HMSA's attorney's fees for full-blown litigation relating to a disputed contract provision.[7] This is especially true in light of the fact that HMSA persisted in going to trial on a damages theory based upon an acceleration/liquidation clause that the Court found unenforceable. (*See* CL ¶¶ 5-7, 11, 22-23.)

In addition, much of what was resolved by the trial related to defendant's *counterclaim* seeking a declaration that it had already paid for nineteen (19) additional months of service and that it was a breach of contract for HMSA to put Empire's imaging equipment on service hold. There is nothing in the language of the 2008 SMA that would justify awarding attorney fees and/or costs to HMSA for defending against a counterclaim seeking a declaratory judgment regarding rights and duties under the contract.[8] In that circumstance, the so-called "American Rule" applies, and each party bears its own costs, absent a showing, which is lacking here, that the counterclaim was brought in bad faith.[9] *State ex rel. Durkin v. Ungaro*, 39 Ohio St. 3d 191, 193 (1988) ("The general rule in Ohio is that, absent a statutory [or contractual] provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith.") (citing cases).

---

[7] *See, e.g.*, *Owen v. Homes by Kremer, Inc.*, C.A. No. 17637, 1996 WL 525849, at *3 (Ohio Ct. App. Sept. 18, 1996) ("When reading the contract clause as a whole, . . . it is evident that the homeowners agreed to pay attorney fees and costs in connection with the filing of any liens on the property; not in the event of *any* type of litigation.") (emphasis in original). The court in *Owen* also concluded: "Even if it could be argued that the contractor intended the reference to attorney fees to be given a broader application, it is a basic rule of contract construction that if there is doubt or ambiguity in the language of the contract, the document is to be construed strictly against the party who prepared it." *Id*.

[8] It is highly doubtful that, had Empire sued HMSA in the first instance, seeking a declaratory judgment with respect to the 2008 SMA, and had HMSA prevailed in that suit, it would have been entitled to recover its attorney fees under ¶ 5 of the 2008 SMA. The Court sees no reason why there should be a different result merely because Empire countersued in a lawsuit originally brought by HMSA.

[9] Further, Ohio's Declaratory Judgment Act, Ohio Rev. Code § 2721.16(A), bars attorney fees in declaratory judgment actions except in narrow circumstances not applicable here. *Stark Commons, Ltd. v. Landry's Seafood House-Ohio, Inc.*, No. 2008CA00206, 2009 WL 2372143, at *4 (Ohio Ct. App. Aug. 3, 2009).

In light of this conclusion, the total amount of $168,998.27[10] sought by HMSA is unreasonable and will not be granted. That said, the Court is unwilling to select an arbitrary amount that would be reasonable under the circumstances, nor is the Court willing to sort through the lengthy documentation submitted in support of HMSA's fee petition to independently determine an amount to award.

Since defendant has already indicated an unwillingness to mediate the issue of fees and costs (*see* Doc. Nos. 85, 86), in light of this current ruling, the Court will permit plaintiff to submit a modified fee petition directed at recovery of reasonable fees and costs related to "collecting its overdue accounts[.]" (Doc. No. 1-1 at 6 ¶ 5.)

### III. CONCLUSION

For the reasons discussed above, although plaintiff is entitled under the 2008 SMA to recover some reasonable amount of fees and costs, the Court will not award the amount requested in the petition (Doc. No. 74) and, therefore, that petition is **DENIED** as presented.

Plaintiff is granted leave until November 29, 2013 to submit a modified fee petition consistent with this order. Defendant shall have until December 13, 2013 to file any opposition. No reply will be permitted. The Court will then promptly take the matter under advisement.

**IT IS SO ORDERED**.

Dated: November 14, 2013

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[10] This represents $160,602.50 incurred and paid by HMSA through February 28, 2013, plus estimated fees of $745.00 incurred in March 2013, plus costs in the amount of $7,650.77. (Doc. No. 74 at 926.)